UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LANDRUM, JR,
          Petitioner,

v.                                          Criminal Case No:91-80694-1
                                            Hon. Anna Diggs Taylor

UNITED STATES OF AMERICA,
          Respondent.
_____/

## MEMORANDUM OPINION AND ORDER

Petitioner has filed a Motion for Expungement of his 1994 conviction on the charge of transmitting stolen money orders in interstate commerce, a violation of 18 U.S.C. §2314. In his motion, Petitioner indicates that he may be precluded from pursuing certain employment opportunities if the conviction remains. For the reasons set forth below, Petitioner's motion must be DENIED.

**I.**

On November 18, 1993, Petitioner waived a grand jury indictment and pleaded guilty to an Information charging him with Transmitting Stolen Money Orders in Interstate Commerce, a ten year felony, in violation of 18 U.S.C.§ 2314. On February 25, 1994, this court sentenced Petitioner to 4 months probation and $7,000 in restitution. No direct appeal was taken from Petitioner's conviction and sentence. On February 6, 2009, Petitioner filed the instant Motion for Expungement which is currently before the court.

**II.**

Petitioner has filed the instant motion for expungement based on the following: (1) he has become a father and husband; (2) he has subsequently obtained employment in leadership positions; (3) he has been a proprietor of an entertainment establishment; and (4) he is now seeking employment that will

provide a "more secure lifestyle" for his family and does not want this conviction to be a hindrance to this process. See Petitioner's Motion.

As Respondent has correctly pointed out, Petitioner does not challenge the validity of his conviction, but rather, she seeks expungement for various equitable considerations. The Sixth Circuit has held that "[i]t is within the inherent equitable powers of a federal court to order the expungement of a record [of conviction] in an appropriate case. *U.S. v. Doe*, 556 F,2d 391, 393 (6th Cir. 1977). The Sixth Circuit, however, has not yet posited a standard for determining which cases are 'appropriate'." *U.S. v. Robinson*, No. 94-1945, 1996 WL 107129, 79 F.3d 1149 (6th Cir. 1996)(unpublished opinion). Cases prior to *Robinson* have established that petitioners must demonstrate compelling and extraordinary circumstances to warrant an expunction. *Id.* at 2.

Petitioner has failed to cite any "compelling" or "extraordinary circumstances" which warrant expunction. Petitioner primarily relies on the premise that the conviction may prohibit him from pursuing or securing certain employment opportunities. This is insufficient to warrant expungement of his conviction. Unfortunately, there are many jobs which weigh the moral strengths of the applicant. While the court acknowledges the accomplishments Petitioner has made since his previous criminal activity and conviction, the reasons cited by him for expungement do not rise to the level required to grant such a motion. This court agrees with the Ninth Circuit's reasoning in *U.S. v. Smith*, 940 F.2d 395 (9th Cir. 1991) when it states that, if employment difficulties resulting from a criminal record were "sufficient to outweigh the government's interest in maintaining criminal records, expunction would no longer be the narrow, extraordinary exception, but a generally available remedy." *Id.* at 396. This court also agrees that "[i]t is possible, even likely, that any person with an arrest or conviction record may well be impeded in finding employment." *U.S. v. Flowers*, 389 F.3d 737, 739-740 (7th Cir. 2004). In fact, the court in *U.S. v.*

*Robinson, supra*, denied a petition of expungement where the defendant alleged that her mail fraud conviction prevented her from obtaining comparable employment to that which she had at the time of her conviction. *U.S. v. Robinson*, 1996 WL 107129, at 1.

Petitioner himself admits that he has "obtained employment in leadership positions" and has been "a proprietor of an entertainment establishment." Thus, Petitioner is employable and has secured employment since his 1994 conviction. The fact that his conviction *may* prohibit him from obtaining employment is insufficient to establish "compelling or extraordinary circumstances" to warrant expunction. Accordingly, Petitioner's motion is DENIED.

For the foregoing reasons,

IT IS ORDERED that Petitioner's motion for expungement (d/e-15) is hereby DENIED.

IT IS SO ORDERED.

DATED: April 16, 2009                              **s/Anna Diggs Taylor**
                                                   ANNA DIGGS TAYLOR
                                                   UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**[1]

The undersigned certifies that the foregoing Memorandum Opinion and Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on April 16, 2009.

                                                   s/Johnetta M. Curry-Williams
                                                   Case Manager

---

[1] The court is unable to serve this memorandum opinion and order on Petitioner because he provided no forwarding address or email contact information when he filed his motion.

3